## IN THE UNITED STATES DISTRICT COURT OF ILLINOIS
### CENTRAL DISTRICT, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ZAKKARY HOSICK | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 17-CV-3189 |
| | ) | |
| | ) | Jury Demand |
| MATTHEW BESWICK, | ) | |
| JACOB GESSFORD, and | ) | |
| C/O HOWELL, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES Plaintiff, ZAKKARY HOSICK, by his attorneys, MEYER & KISS, LLC, and for his Complaint states:

### Jurisdiction

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. c 1391(b), in that the claims arose in this district as alleged below.

### Plaintiff

4. Plaintiff ZAKKARY HOSICK is a 22-year-old citizen of the United States. At all times relevant herein, Plaintiff was an inmate at Western Correctional Center in Mount Sterling, Brown County, Illinois.

5. At the time of the filing of this Complaint, Plaintiff is not a pre-trial detainee or in custody, thus the Prison Litigation Reform Act has no application.

### Defendants

6. Defendant MATTHEW BESWICK is an officer employed by the Illinois Department of Corrections, assigned to Western Correctional Center at all times relevant hereto. At the time of the incident alleged herein, Defendant BESWICK was assigned to the housing unit to which Plaintiff was assigned.

7. Defendant JACOB GESSFORD is an officer employed by the Illinois Department of Corrections, assigned to Western Correctional Center at all times relevant hereto. At the time of the incident alleged herein, Defendant GESSFORD was assigned to the housing unit to which Plaintiff was assigned.

8. Defendant C/O HOWELL is an officer employed by the Illinois Department of Corrections, assigned to Western Correctional Center at all times relevant hereto. At the time of the incident alleged herein, Defendant HOWELL was assigned to the housing unit to which Plaintiff was assigned.

9. The Defendants were, at the time of the occurrence alleged herein, employees of the Illinois Department of Corrections, assigned to Western Correctional Center in Illinois. They engaged in the conduct complained of in the course of their employment with the Illinois Department of Corrections and while they were on duty. They are sued in their individual capacities.

10. At all times material to this complaint, Defendants were acting under color of state law, ordinance, and/or regulation.

### Facts Common to All Counts

11. On or about December 30, 2015, Plaintiff was transferred to Western Correctional Center and housed in cell house 3D.

12. This was the first time that Plaintiff was ever in the Illinois Department of Corrections (IDOC).

13. On December 31, 2015, another inmate at Western Correctional Center, Robert Biggs, took an interest in Plaintiff.

14. Offender Biggs began to make sexual advances towards Plaintiff.

15. Plaintiff, concerned for his safety, approached Defendants BESWICK, GESSFORD and HOWELL and explained that he was in fear of Offender Biggs, that Offender Biggs was making sexual advances towards him, and that he needed to me moved away from Offender Biggs.

16. Defendants BESWICK, GESSFORD and HOWELL laughed at Plaintiff and told him he watched too many movies.

17. Defendants BESWICK, GESSFORD and HOWELL also made homophobic jokes directed at Plaintiff.

18. Plaintiff explained to them that he was in danger, but Defendants BESWICK, GESSFORD and HOWELL ignored Plaintiff's pleas and told him he was not in any danger.

19. On January 3, 2016, Offender Biggs sexually assaulted Plaintiff.

20. Plaintiff reported the sexual assault and filed a complaint against Offender Biggs. His complaint was substantiated.

21. There have been numerous instances within IDOC of inmates sexually assaulting other inmates.

22. Upon information and belief, Defendants BESWICK, GESSFORD and HOWELL had actual knowledge of this pattern of sexual abuse within IDOC.

23. Despite IDOC's established standards to prevent sexual assaults, the history of sexual assaults in IDOC facilities, and Defendants' personal knowledge of incidents sexual assault, Defendants BESWICK, GESSFORD and HOWELL allowed Offender Biggs to sexually assault Plaintiff.

24. The conscious disregard for Plaintiff's safety and security by Defendants BESWICK, GESSFORD and HOWELL resulted in his sexual assault on January 3, 2016.

25. As a result of Defendants' actions, Plaintiff suffered damages, past, present and future, including but not limited to severe emotional, physical and pecuniary damages, in addition to humiliation and pain and suffering.

26. The actions of the Defendants are willful and wanton, and thus Plaintiff also seeks punitive damages against them.

## COUNT I
### (42 U.S.C. § 1983 – Failure to Protect)

27. Plaintiff repeats and realleges paragraphs 1-26 as of fully set forth herein.

28. Plaintiff was incarcerated in Western Correctional Center under conditions posing a substantial risk of serious harm. At the time Plaintiff was incarcerated, he had a fundamental Fifth Amendment Due Process right, as well as an Eighth Amendment right, incorporated to the State and local municipalities through the Fourteenth Amendment, to be protected from serious harm while in the custody of Illinois Department of Corrections.

29. Plaintiff put Defendants BESWICK, GESSFORD and HOWELL on notice that Plaintiff was at risk of serious harm when he informed them of the sexually violent threats against him.

30. Defendants BESWICK, GESSFORD and HOWELL were deliberately indifferent to Plaintiff's position of risk of serious harm.

31. Defendants BESWICK, GESSFORD and HOWELL were aware of a substantial risk of harm to Plaintiff, and Defendants BESWICK, GESSFORD and HOWELL disregarded this risk by failing to take reasonable measures to address it.

32. Defendants BESWICK, GESSFORD and HOWELL's deliberate indifference to Plaintiff's serious position of risk of serious harm caused serious harm to Plaintiff.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendants BESWICK, GESSFORD and HOWELL,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorney's' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

**Jury Trial Demanded**

        Respectfully submitted,

        /s/ Louis J. Meyer
        *Counsel for the Plaintiff*

Louis J. Meyer
Daniel P. Kiss
MEYER & KISS, LLC
311 W. Stratford Drive
Peoria, IL 61614
t. 309.713.3751
f. 312.585.7803
e. louismeyer@meyerkiss.com
e. dankiss@meyerkiss.com

4